UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 01-1920
(No. A72-378-988)

Almaz Wordafa,

Petitioner,

versus

U.S. Immigration & Naturalization Service, et
al.,

Respondents.

O R D E R

The court amends its opinion filed June 18, 2002, as follows:

On the cover sheet, section 7, line 5 -- "United States
Department of Labor" is corrected to read "United States Department
of Justice."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ALMAZ WORDAFA,
       *Petitioner,*

    v.                No. 01-1920

U.S. IMMIGRATION & NATURALIZATION
SERVICE; JOHN ASHCROFT, Attorney
General,
       *Respondents.*

On Petition for Review of an Order

of the Board of Immigration Appeals.

    (No. A72-378-988)

  Submitted: May 31, 2002

  Decided: June 18, 2002

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

_____

Dismissed in part and denied in part by unpublished per curiam opinion.

_____

## COUNSEL

Mikre Michael Ayele, Arlington, Virginia, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, David V. Bernal, Assistant Director, Kurt B. Larson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

### OPINION

PER CURIAM:

Almaz Wordafa seeks review of the Board of Immigration Appeals' ("Board") orders: (1) dismissing her appeal from the immigration judge's denial of her application for asylum and withholding of deportation; and (2) denying her motion to reopen. For the reasons discussed below, we dismiss the petition in part for lack of jurisdiction and deny the petition in part.

We first find that Wordafa's petition for review is untimely to the extent that it pertains to the Board's order dismissing her appeal from the immigration judge's denial of her application for asylum and withholding of deportation. Under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, Wordafa had thirty days from the date of the final order of exclusion to timely file a petition for review. IIRIRA § 309(c)(4)(C). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." *Stone v. INS*, 514 U.S. 386, 405 (1995). The filing of a motion to reopen with the Board does not toll the thirty-day period for seeking review of the underlying order. *Id.* at 394-400.

The Board issued its decision dismissing Wordafa's appeal of the immigration judge's decision on September 28, 2000. Wordafa did not file her petition for review challenging the decision until July 23, 2001, well outside of the thirty-day time period for seeking review. Accordingly, we dismiss the petition for review for lack of jurisdiction to the extent that it pertains to this order.

Wordafa's petition for review is timely, however, to the extent that it pertains to the Board's order denying her motion to reopen. Although Wordafa's petition for review indicated that she was appealing from this order, the issues raised on appeal primarily refer

2

to the Board's previous order. The only assignments of error that arguably refer to the Board's order denying her motion to reopen are Wordafa's statements that the Board erred in not giving weight to the letter that she submitted with her motion to reopen and that the Board erred in assuming facts not in the record in regard to this letter. After reviewing the evidence of record, we find that the Board properly considered the letter and find no abuse of discretion in its denial of Wordafa's motion to reopen on this ground. *See INS v. Doherty*, 502 U.S. 314, 323-24 (1992) (stating standard of review). We therefore deny the petition to the extent that it pertains to the Board's denial of Wordafa's motion to reopen.

Accordingly, we dismiss the petition in part for lack of jurisdiction and deny the petition in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, AND DENIED IN PART*

3